**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| MARCOS TIRADO, | : | |
| Petitioner, | : | Civil No. 09-3511 (NLH) |
| v. | : | |
| WARDEN GRONDOLSKY, | : | **O P I N I O N** |
| Respondent. | : | |

**APPEARANCES:**

Marcos Tirado, Pro Se
58557-054
FCI Fort Dix
P.O. Box 2000
Fort Dix, NJ 08640

**HILLMAN**, District Judge

　　Plaintiff Marcos Tirado is confined at the Federal Correctional Institution in Fort Dix, New Jersey.  He seeks to bring this action asserting violations of his constitutional rights in forma pauperis, pursuant to 28 U.S.C. § 1915.  The complaint was originally administratively terminated for failure to pay the filing fee or submit a complete in forma pauperis application.  However, Plaintiff has since submitted a complete application and the case has been reopened.  Based on Plaintiff's affidavit of indigence, the Court will grant the application to proceed in forma pauperis and direct the Clerk of the Court to file the petition.

Having reviewed the petition to identify cognizable claims pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, the Court concludes that the complaint should be dismissed.

## BACKGROUND

Plaintiff's complaint asks this Court to issue a writ of mandamus to order the defendant, Warden Grondolsky, to comply with the Bureau of Prisons' ("BOP") Administrative Remedy Program.[1]  Plaintiff complains that the warden and his staff deliberately delay in responding, do not provide appropriate forms or answers, and do not answer at all on time-sensitive forms.  Plaintiff argues that this denies and obstructs his right to pursue his claims, and denies him access to courts.

---

[1]  The BOP's Administrative Remedy Program is a three-tier process available to inmates confined in institutions operated by the BOP who "seek formal review of an issue relating to any aspect of his/her confinement."  28 C.F.R. § 542.10(a).  An inmate must generally attempt to informally resolve the issue by presenting it to staff in a BP-8 form. See 28 C.F.R. § 542.13.  If the issue is not informally resolved, then the inmate may submit a request for administrative remedy (BP-9) to the Warden. See 28 C.F.R. § 542 .14.  An inmate who is dissatisfied with the Warden's response may appeal to the Regional Director (BP-10), and an inmate dissatisfied with the Regional Director's decision may appeal to the General Counsel in the Central Office (BP-11).  See 28 C.F.R. § 542.15(a).  Appeal to the General Counsel is the final administrative appeal. See id.  The regulations further provide that the Warden shall respond within 20 calendar days; the Regional Director shall respond within 30 calendar days; and the General Counsel shall respond within 40 calendar days. See 28 C.F.R. § 542.18.  The regulation provides that if the inmate does not receive a response within the time allotted for reply, then the inmate may consider the absence of a response to be a denial at that level.  See id.

In Plaintiff's application to proceed in forma pauperis, Plaintiff asserts that besides the problems with the Administrative Remedy Program, he is having difficulty getting his medical records. He also states that he has back problems, his pain medication has been reduced, and that he was denied epidural shots and an electrical spinal stimulator which was recommended by another prison. Plaintiff states that the Health Services Administrator said that he doesn't care about Plaintiff's pain. He asserts that he is depressed and suffering panic attacks and anxiety due to the pain, but that "all the pain medication have been tried and exhausted and I don't wish to use narcotics."

Plaintiff does not specifically request monetary relief; rather he requests that this Court order the warden to comply with the Administrative Remedy Program, and for the Court to investigate why Fort Dix's Medical Clinic is deliberately neglecting his medical treatment.

## DISCUSSION

**A. Standard of Review**

The Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity. The Court is required

3

to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b). This action is subject to sua sponte screening for dismissal under both 28 U.S.C. §§ 1915(e)(2)(B) and 1915A because Plaintiff is proceeding as an indigent and is a prisoner.

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976)); see also United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).

The Supreme Court refined the standard for summary dismissal of a complaint that fails to state a claim in Ashcroft v. Iqbal, 556 U.S. 662 (2009). The Court examined Rule 8(a)(2) of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Citing its opinion in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) for the proposition that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 555), the Supreme Court held

4

that, to prevent a summary dismissal, a civil complaint must now allege "sufficient factual matter" to show that the claim is facially plausible.  This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009)(citing Iqbal, 129 S. Ct. at 1948).

The Supreme Court's ruling in Iqbal emphasizes that a plaintiff must demonstrate that the allegations of his complaint are plausible.  See Iqbal, 129 S. Ct. at 1949-50.  See also Twombly, 505 U.S. at 555, & n.3; Warren Gen. Hosp. v. Amgen Inc., 643 F.3d 77, 84 (3d Cir. 2011).  "A complaint must do more than allege the plaintiff's entitlement to relief.  A complaint has to 'show' such an entitlement with its facts." Fowler, 578 F.3d at 211 (citing Phillips v. County of Allegheny, 515 F.3d 224, 234-35 (3d Cir. 2008)).

**B.   *Bivens* Actions**

Plaintiff brings this action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), alleging violations of his civil rights guaranteed under the United States Constitution.  In Bivens, the Supreme Court held that one is entitled to recover monetary damages for injuries suffered as a result of federal officials' violations of the Fourth Amendment.  In doing so, the Supreme Court created a new tort as it applied to federal officers, and a federal

5

counterpart to the remedy created by 42 U.S.C. § 1983.[2]  The Supreme Court has also implied Bivens damages remedies directly under the Eighth Amendment, see Carlson v. Green, 446 U.S. 14 (1980), and the Fifth Amendment, see Davis v. Passman, 442 U.S. 228 (1979).

Bivens actions are simply the federal counterpart to § 1983 actions brought against state officials who violate federal constitutional or statutory rights.  See Egervary v. Young, 366 F.3d 238, 246 (3d Cir. 2004), cert. denied, 543 U.S. 1049 (2005).  Both are designed to provide redress for constitutional violations.  Thus, while the two bodies of law are not "precisely parallel", there is a "general trend" to incorporate § 1983 law into Bivens suits.  See Chin v. Bowen, 833 F.2d 21, 24 (2d Cir. 1987).

In order to state a claim under Bivens, a claimant must show (1) a deprivation of a right secured by the Constitution and laws of the United States; and (2) that the deprivation of the right

---

[2]   Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

was caused by an official acting under color of federal law. See Mahoney v. Nat'l Org. For Women, 681 F. Supp. 129, 132 (D. Conn. 1987) (citing Flagg Brothers, Inc. v. Brooks, 436 U.S. 149, 155-56 (1978)).

**C.    Plaintiff's Complaint Will Be Dismissed.**

1.    Claims Regarding Administrative Remedies

Plaintiff claims that the warden is not responding to his administrative remedies, thereby blocking his access to courts. However, Plaintiff's claims that he has filed administrative remedies and has not received timely responses, or any responses, fails to state a claim for relief.

According to the Code of Federal Regulations, Title 28, section 542.18:

> If accepted, a Request or Appeal is considered filed on the date it is logged into the Administrative Remedy Index as received. Once filed, response shall be made by the Warden or CCM within 20 calendar days; by the Regional Director within 30 calendar days; and by the General Counsel within 40 calendar days. If the Request is determined to be of an emergency nature which threatens the inmate's immediate health or welfare, the Warden shall respond not later than the third calendar day after filing. If the time period for response to a Request or Appeal is insufficient to make an appropriate decision, the time for response may be extended once by 20 days at the institution level, 30 days at the regional level, or 20 days at the Central Office level. Staff shall inform the inmate of this extension in writing. Staff shall respond in writing to all filed Requests or Appeals. **If the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level.**

28 C.F.R. § 542.18 (emphasis added). Therefore, as Plaintiff could have continued his Administrative Remedy process without receiving responses, Plaintiff was not denied access to the courts or to the remedy procedure.

    2.   <u>Medical Care Claims</u>

Plaintiff alleges that he has not received proper medical care, in violation of his constitutional rights.

The Eighth Amendment proscription against cruel and unusual punishment also requires that prison officials provide inmates with adequate medical care. <u>See</u> <u>Estelle v. Gamble</u>, 429 U.S. 97, 103-04 (1976); <u>Rouse v. Plantier</u>, 182 F.3d 192 (3d Cir. 1999). In order to set forth a cognizable claim for a violation of his right to adequate medical care, an inmate must allege: (1) a serious medical need; and (2) behavior on the part of prison officials that constitutes deliberate indifference to that need. <u>Estelle</u>, 429 U.S. at 106; <u>Natale v. Camden County Correctional Facility</u>, 318 F.3d 575, 582 (3d Cir. 2003).

To satisfy the first prong of the <u>Estelle</u> inquiry, the inmate must demonstrate that his medical needs are serious. "Because society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'" <u>Hudson v. McMillian</u>, 503 U.S. 1, 9 (1992). The Third Circuit has defined a serious medical need as:

8

(1) "one that has been diagnosed by a physician as requiring treatment;" (2) "one that is so obvious that a lay person would recognize the necessity for a doctor's attention;" or (3) one for which "the denial of treatment would result in the unnecessary and wanton infliction of pain" or "a life-long handicap or permanent loss." Atkinson v. Taylor, 316 F.3d 257, 272-73 (3d Cir. 2003)(internal quotations and citations omitted); see also Monmouth County Correctional Institutional Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987), cert. denied, 486 U.S. 1006 (1988).

The second element of the Estelle test requires an inmate to show that prison officials acted with deliberate indifference to his serious medical need. See Natale, 318 F.3d at 582 (finding deliberate indifference requires proof that the official knew of and disregarded an excessive risk to inmate health or safety). "Deliberate indifference" is more than mere malpractice or negligence; it is a state of mind equivalent to reckless disregard of a known risk of harm. See Farmer v. Brennan, 511 U.S. 825, 837-38 (1994). Furthermore, a prisoner's subjective dissatisfaction with his medical care does not in itself indicate deliberate indifference. See Andrews v. Camden County, 95 F. Supp.2d 217, 228 (D.N.J. 2000); Peterson v. Davis, 551 F. Supp. 137, 145 (D. Md. 1982), aff'd , 729 F.2d 1453 (4th Cir. 1984). Similarly, "mere disagreements over medical judgment do not state

Eighth Amendment claims." White v. Napoleon, 897 F.2d 103, 110 (3d Cir. 1990). "Courts will disavow any attempt to second-guess the propriety or adequacy of a particular course of treatment ... [which] remains a question of sound professional judgment." Inmates of Allegheny County Jail v. Pierce, 612 F.2d 754, 762 (3d Cir. 1979) (internal quotation and citation omitted). Even if a doctor's judgment concerning the proper course of a prisoner's treatment ultimately is shown to be mistaken, at most what would be proved is medical malpractice and not an Eighth Amendment violation. See Estelle, 429 U.S. at 105-06; White, 897 F.3d at 110.

The Third Circuit has found deliberate indifference where a prison official: (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment for non-medical reasons; or (3) prevents a prisoner from receiving needed or recommended treatment. See Rouse, 182 F.3d at 197.

In this case, Plaintiff has not alleged facts indicating deliberate indifference on the part of the defendants. Plaintiff alludes to the fact that he has been seen by doctors; however, he is not receiving his preferred treatment. While it is appears that Plaintiff's treatment may not have been to his liking, at most, Plaintiff has alleged facts indicating medical malpractice, which does not violate the Eighth Amendment.

Therefore, this claim will be dismissed, pursuant to 28 U.S.C. § 1915(e), for failure to state a claim upon which relief may be granted.  However, the dismissal will be without prejudice to Plaintiff filing a motion to reopen and submitting an amended complaint, in accordance with the attached order, that addresses the deficiencies as outlined above.

## CONCLUSION

Based on the foregoing, Plaintiff's complaint will be dismissed.  Plaintiff's medical care claims are dismissed without prejudice to Plaintiff filing an amended complaint as outlined in the attached Order.

                                         s/ Noel L. Hillman
                                         NOEL L. HILLMAN
                                         United States District Judge

Dated: July 2, 2012

At Camden, New Jersey